**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHERYL LEE KEEMAR, as personal representative of the estate of Michael Keemar, deceased, and VICTORIA GRINTER, as personal representative of the estate of Laurence Grinter, deceased,**

**Plaintiffs,**

-vs-                                                          Case No.  6:06-cv-448-Orl-22DAB

**AVCO CORPORATION, and ML-KS BEARINGS, INC.,**

**Defendants.**
_____

## ORDER AND NOTICE OF HEARING

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**   **UNOPPOSED MOTION TO SEAL DOCUMENTS (Doc. No. 63)**
>
> **FILED:**   September 6, 2007
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED,** and a hearing is scheduled as set forth herein.

At issue is the propriety of retaining under seal two settlement agreements and a settlement statement in this wrongful death action. Per prior Order of this Court, Plaintiff Victoria Grinter has filed in camera two settlement agreements and a settlement statement (herein "the documents") reflecting the terms and conditions of settlements reached between each Defendant and Mrs. Grinter, individually, and as Personal Representative of the Estate of Laurence Grinter, on behalf of her two

minor daughters. Pursuant to Local Rule 1.09, Plaintiff avers that filing the documents are necessary in order for the Court to determine whether the settlement is in the best interest of the minor children; and that filing under seal is necessary in order to: a) "protect the minor children's privacy and confidentiality," b) prevent legal action against Mrs. Grinter for breaching the confidentiality provisions; and c) "protect [the settlements] from disclosure to other parties pursuing cases against these Defendants" which would "severely prejudice" the Defendants' ability to defend other cases. The parties wish the documents to remain under seal until September 4, 2013, when the youngest child reaches the age of 25. For the reasons set forth herein, the Court concludes that insufficient cause is shown to require the documents to remain under seal, and thus, the motion is **denied.**

Plaintiff argues that in evaluating motions to seal, courts must balance the interest in keeping the information confidential against the public interest in accessing court documents, citing *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311-12 (11th Cir. 2001). While Plaintiff focuses on the desirable benefits of keeping the settlement agreement sealed, she neglects to address the established presumption that settlement agreements, when filed with the Court, are public documents. As noted recently by the Eleventh Circuit:

> A motion that is "presented to the court to invoke its powers or affect its decisions," whether or not characterized as dispositive, is subject to the public right of access. *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir.1995); *see also Leucadia* [v. Applied Extrusion Technologies, Inc.] 998 F.2d [157] at 164 [3rd Cir. 1993] (**common law right applies to motion to approve settlement agreement**); *In re Cont'l Ill. Sec. Litig.,* 732 F.2d 1302, 1309 (7th Cir.1984) (right of access applies to motion to terminate derivative claim).

*Romero v. Drummond Co., Inc*., 480 F.3d 1234, 1246 (11th Cir. 2007) (emphasis added). Our circuit has noted that "[i]t is immaterial whether the sealing of the record is an integral part of a negotiated settlement between the parties, even if the settlement comes with the court's active encouragement.

Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013, 1016 (11th Cir.1992). Other circuits are in accord. *See, e.g., Bank of America Nat. Trust and Sav. Ass'n v. Hotel Rittenhouse Associates*, 800 F.2d 339, 343 -344 (3rd Cir.1986) (a motion or a settlement agreement filed with the court is a public component of a civil trial; the court's approval of a settlement or action on a motion are matters which the public has a right to know about and evaluate); *S.E.C. v. Van Waeyenberghe* 990 F.2d 845, 849 (5th Cir.1993) ("Once a settlement is filed in district court, it becomes a judicial record. . . The presumption in favor of the public's common law right of access to court records therefore applies to settlement agreements that are filed and submitted to the district court for approval." [citation omitted]).

In addition to a general presumption that criminal and civil actions should be conducted publicly, the common-law right of access includes the right to inspect and copy public records and documents. *Chicago Tribune,* 263 F.3d at 1311, *citing Nixon v. Warner Comm.*, *Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978). While that presumption of access is not irrebutable, it is "an essential component of our system of justice, [and] is instrumental in securing the integrity of the process." *Id.* It is against this background that the Court evaluates Plaintiff's asserted grounds for continuing to retain the documents under seal.

As for the protection of the minor's privacy interest, Plaintiff cites *Phillips v. Nationwide Mutual Insurance Company,* 347 So.2d 465, 466 (Fla. 2nd DCA 1977), a case involving court approval of settlement of a minor's claim, for the proposition that courts have inherent jurisdiction

and the right to protect minors and their property. Although not particularly persuasive here,[1] even assuming the truth of this general proposition, it is worth noting that in *Phillips,* the settlement was *not* under seal and the court specifically disclosed the terms of the settlement in its published opinion. Plaintiff cites no case where a seal was ordered just because some of the Plaintiffs were minors.

While the Court is not unmindful of the tender ages of the Plaintiff's children and agrees that Plaintiff has their best interests at heart in requesting privacy, there is simply no support for the implicit contention that the settlement is "no one else's business." By filing the suit, the matter became this Court's business, and this Court conducts business publically. Having chosen to pursue a claim in a public court, Plaintiff must take the burdens of such forum, as well as its benefits.[2]

Plaintiff's second ground, that she fears she will be sued for violating a Confidentiality provision, is also unconvincing. According to Plaintiff, if "third parties having access to court settlement papers would disclose to others the amount of the settlements" such disclosure "would very likely result in legal action against Mrs. Grinter, for breaching the confidentiality provisions in each Settlement Agreement." (Doc. No. 63 at 3). The provisions in question prohibit *Mrs. Grinter* from making disclosures; there is nothing rendering her liable for the actions of unknown third parties who obtained the information through other legal means. To the extent the parties are interpreting this provision as precluding disclosure to the Court – which may necessarily require the disclosure to be part of a public record– the provision is unenforceable. The Court cannot approve what it does not

---

[1] The *Phillips* court specifically held that the state circuit court has such authority pursuant to a provision in the Florida Constitution. 347 So.2d at 466, fn. 3.

[2] The Court imagines that *most* litigants, regardless of their age, would much prefer to litigate privately. The mere desire for privacy, however, is insufficient to trump the public's overriding interest in court proceedings.

review and what it reviews, absent extraordinary circumstances not present here, is public. In the Court's view, Mrs. Grinter's fear is misplaced.

The Court is also unconvinced by the final reason offered for maintaining the seal: the Defendants' desire to prevent other litigants in other actions from accessing the settlement agreement in order to prevent the use of the amount here as a "benchmark." The Eleventh Circuit has found similar concerns unpersuasive:

> There is no question that courts should encourage settlements. However, the payment of money to an injured party is simply not "a compelling governmental interest" legally recognizable or even entitled to consideration in deciding whether or not to seal a record. We feel certain that many parties to lawsuits would be willing to bargain (with the adverse party and the court) for the sealing of records after listening to or observing damaging testimony and evidence. Such suppression of public records cannot be authorized. The situation here is further aggravated by the attempted suppression of a jury verdict because it might adversely affect American Motors in other judicial proceedings. Such action is contrary to the most basic principles of American jurisprudence.

*Wilson v. American Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir.1985) (settlement reached after jury responded to special interrogatories and Court sealed entire record). Not surprisingly, no case authority is offered to support maintaining the seal on this ground.

In conclusion, the parties offer no grounds sufficient to overcome the public's right to access the documents, filed as part of this public case. It is therefore the intention of this Court to unseal the documents and direct their filing in the public docket. As the Court anticipates that the parties may have some objection, the Court directs the Clerk to **unseal** and file the documents **on Tuesday, September 18, 2007,** in the absence of any further stay issued by the District Court.

Regardless of whether the documents will be unsealed, a hearing is necessary with respect to approval of the settlement. Therefore **TAKE NOTICE** that a hearing to determine whether the

settlement regarding the minor children should be approved will be held before the undersigned on **MONDAY**, **SEPTEMBER 24, 2007** at **1:30 P.M.** in Courtroom #6D, George C. Young U.S. Courthouse and Federal Building, 401 W. Central Boulevard, Orlando, Florida.  **Counsel and any party to this case wishing to participate in this hearing by telephone conference call should contact Chambers at telephone number (407) 835-4290 at least 24 hours prior to the hearing.**

**DONE** and **ORDERED** in Orlando, Florida on September 11, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

**PLEASE NOTE**:  **Photo I.D.** is required to enter the United States Courthouse.  Also, **cellular telephones** and **laptop computers** are prohibited in the Courthouse unless otherwise allowed pursuant to order of the Court.