**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHERYL LEE KEEMAR, as personal representative of the estate of Michael Keemar, deceased, and VICTORIA GRINTER, as personal representative of the estate of Laurence Grinter, deceased,**

        **Plaintiffs,**

**-vs-**	**Case No. 6:06-cv-448-Orl-22DAB**

**AVCO CORPORATION, and ML-KS BEARINGS, INC.,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration upon referral from the District Court (Doc. No. 62), directing the undersigned to hold a hearing to determine whether the settlement regarding the minor children should be approved. The settlement agreement was tendered to the Court (Doc. No. 67), Plaintiff made additional filings, upon the Court's invitation and direction (Doc. Nos. 68-69), and a hearing was held at which all counsel appeared.[1] The Court has had an opportunity to review the settlement agreement, the report of the Guardian (Doc. No. 59), the contingency fee agreement between counsel and Plaintiff, and the applicable law. Absent any objection by any party, it is the recommendation of this Court that the settlement agreement be **approved,** consistent with the recommendation of the Guardian, as fair and appropriate under the circumstances of this case.

---

[1] Plaintiff's lead counsel appeared in person, his client appeared telephonically (from England), as did co-counsel and opposing counsel.

The Court takes at face value the representations of counsel regarding the likelihood of Plaintiff prevailing at trial, in view of the strong defenses noted by the Guardian in his report. As such, a settlement which, as here, nets the minors $233,550.00, to be held in trust, appears to be in their best interests. The Court notes that lead counsel for the minors, Mr. Maciejewski, is also receiving that exact amount in attorney's fees, and that Attorney Rob Scribner is to receive $77,850.00. At hearing, the Court questioned counsel regarding the propriety of the fee sharing arrangement and, although initially concerned that the fee sharing arrangement was inappropriate, the Court has satisfied itself that the arrangement was completely disclosed to the client, approved by the client in writing, and thus appears to be consistent with Florida law.[2] Under these circumstances, the Court agrees with the Guardian that the attorney's fee is also appropriate.

It is therefore **respectfully recommended** that the Court **approve** the settlement agreement, with respect to the provisions regarding the minors, and discharge the Guardian of all further responsibilities in this matter. It is also **respectfully recommended** that the Court **grant** the Guardian compensation, consistent with his request, in the amount of **$1,325.00 (5 hours at $265.00)**, taxable to Plaintiff Grinter as costs.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[2]The Court was initially concerned that the fee was purely a referral fee and that Mr. Scribner provided no services warranting this large a sum. At hearing, counsel represented that, in fact, Mr. Scribner acted as the intermediary with the families, and that he attended meetings, assembled damage information and helped respond to discovery requests. The written fee agreement confirms Mr. Scribner's responsibilities in this area.

Recommended in Orlando, Florida on September 24, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy